# THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GLENN A. PORTER, | ) | |
| | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-412-R |
| | ) | |
| JUSTIN JONES, et al., | ) | |
| | ) | |
|         Defendants. | ) | |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On July 22. 2011, Judge Purcell issued a Report and Recommendation wherein he recommended that certain preliminary motions filed by Plaintiff be denied. Plaintiff has filed an objection to the Report and Recommendation giving rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which Plaintiff makes specific objection. Having completed this review, the Court finds as follows.

The Court notes at the outset that apparently some confusion occurred with the filing of Plaintiff's initiating documents. He filed a number of motions, and apparently what was intended as one document was erroneously filed as two. What the Court docket reflects as Document 7 is entitled "Plaintiffs Motion for Emergency Injunctive Relief/Permanent Relief with Brief in Support, LCvR 7. 1(m)." Judge Purcell recommended denial of the motion, believing that the single page document was intended to serve as a motion. Plaintiff contends,

that the page denoted by the Clerk as Document 7 was attached to what is now denoted as Document 8 in the Court file, and that is was never intended to be a separate motion, but rather was a cover page. Accordingly, the Court hereby instructs the Clerk of Court to terminate Document Number 7 as a motion and to indicate via docket annotation that the document is part of Document 8, Plaintiff's "Motion for Emergency, and Permanent Injunctive Relief and Brief in Support thereof."

Plaintiff also filed an April 22, 2011 "Motion for Emergency and Permanent Injunctive Relief." Plaintiff acknowledges in his objection that it would be premature for the Court to grant a preliminary injunction, and thus the Court confines its inquiry to whether Judge Purcell appropriately recommended that a temporary restraining order be denied.[1]

Plaintiff recites a history of assaults against him at Oklahoma Department of Corrections' facilities, which he contends stem from an incident in 1999 or 2000 at the Oklahoma State Reformatory in Granite, Oklahoma, where he informed officers that he was being forced to carry knives by two rival prison gangs. As a result of his decision to inform officers about his involuntary participation in the illegal activity, Plaintiff asserts he was targeted by gang-affiliated inmates at Oklahoma State Reformatory. Plaintiff recites a history

---

[1] In his objection Plaintiff notes that his "Affidavit of Specific Facts: Sufficient to Warrant a Temporary Restraining Order and Prerequisite to Motion for Preliminary Injunction, Pursuant to Federal Rule of Civil Procedure Rule 65(a),(b)," filed on July 20, 2011, was not intended to request a preliminary injunction, but rather requests that the Court set a date for him to file such. The Court declines to set such a date. Plaintiff may make the motion when he has successfully served process and the motion on the relevant Defendants and otherwise complied with the requirements of the law for obtaining a preliminary injunction. As a result of Plaintiff's indication in his objection, the Court confines its inquiry to consideration of the recommendation that a temporary restraining order be denied.

of transfers and some assaults at other Oklahoma facilities[2], and most recently, on February 22, 2011, Plaintiff was transferred to the Lawton Correctional Facility ("LCF"), where he is currently confined.[3]

Plaintiff alleges after he arrived at LCF he was placed in a cell in the general population, and overnight he was subjected to inmates beating on his cell door, making sheep noises and spraying hot water under the door. He alleges that unidentified gang members stated they were going to get him and were in the shower area heating shampoo to pour on him. Plaintiff says that as a result, he asked to be permitted out of his cell, he went to the count room where he was told he would be returned to his cell. Plaintiff contends because he feared for his safety, he refused housing, which resulted in a misconduct and his placement in the segregated housing unit (SHU). At the time he authored the April 22, 2011 filing, Plaintiff alleged he was being housed in the SHU but he still did not feel safe leaving his cell.

In his April 22, 2011 motion Plaintiff requested that the court "enjoin defendants at LCF, place Plaintiff in protective custody and enjoin defendants Corrections officials from reverting to any action contrary after litigation ends" Motion at p. 2. He later requests that the Court order Defendants to protect Plaintiff by placing him where older inmates are housed with fewer gang members or place Plaintiff in protective custody with diminished contact with the

---

[2] It is difficult to discern whether Plaintiff believes he is targeted for assaults because of his prior cooperation with prison officials at OSR or if it is because he is, as he describes himself, a homosexual with feminine traits.

[3] At this juncture the Court is not concerned with Plaintiff's allegations regarding his attempts at exhaustion or claims that he was subjected to retaliation at James Crabtree Correctional Facility, where he was housed prior to February 2011, because he sought to change his prison employment.

3

two identified gangs.

Sometime after his April 22, 2011 filing, Plaintiff was placed in some type of protective custody by Department of Corrections' officials. Although he contends he has been denied placement in permanent protective custody, he has not presented the Court with any evidence that as of the time he objected to the Report and Recommendation, he had been returned to the general population. Furthermore, if Plaintiff has been returned to the general population, he has not informed the Court of such or complained of any assaults since the time of any such return. "Because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir.2004) (citations omitted). The Court assumes the harm that Mr. Porter fears-bodily injury while being incarcerated as a prisoner-is irreparable because it arguably could give rise to a constitutional Eighth Amendment violation. *See Kikumura v. Hurley*, 242 F.3d 950, 963 (10th Cir.2001)(recognizing that most courts require no further showing of irreparable injury when an alleged constitutional right is involved) (citation omitted). However, the Court finds no evidence that the harm that he fears is imminent in light of the fact that he is either currently in protective custody or in the general population without issue. Accordingly, the Court hereby adopts the Report and Recommendation and denies Plaintiff's request for emergency injunctive relief.

Judge Purcell further recommended that Plaintiff's "Request to Seal Particular

Documents or in the Alternative Redact Plaintiff's Name Whenever it Appears" be denied. [Doc. No. 12]. Judge Purcell recommends denial because Plaintiff has sought to seal any document containing his identity, because the documents may contain sensitive information. Judge Purcell concluded Plaintiff's allegations were too vague regarding the specific sensitive information, and thus sealing would not be necessary. Plaintiff objects to this recommendation, asserting that the very nature of the complaint, whereby he alleged that inmates sought to injure him because he had during 2005 informed officials at the Oklahoma State Reformatory that he was being forced to carry knives by the Indian Brotherhood and the Crips, rival prison gangs, provided a sufficient basis for sealing the filings in this action.

The Court is not unsympathetic with Plaintiff's allegations. However, considering the allegations in toto, Plaintiff has alleged that both the Indian Brotherhood and the Crips are fully aware of his actions while at Oklahoma State Reformatory. Because the information that Plaintiff is seeking to be held confidential is admittedly public in the Oklahoma prison system, and further, because as Plaintiff admits, inmates have no access to electronic court records, the Court finds no basis for sealing the filings in this case. Accordingly, the Report and Recommendation is adopted in this regard.

Plaintiff complains about Judge Purcell's characterization of his second and third claims. Judge Purcell, however, made no recommendation regarding the disposition of those claims, and Plaintiff will have the opportunity to clarify his claims in subsequent proceedings before Judge Purcell. Although Plaintiff's Motion for Emergency and Permanent Injunctive Relief addresses his second and third claims, it is apparent to the Court that his complaints about how

the Department of Corrections' administers its disciplinary procedures and his complaints regarding misconducts he received while incarcerated at James Crabtree, while related to the instant case, are not appropriately part of his request for a temporary restraining order. To the extent Plaintiff seeks a temporary restraining order directed at these issues, the motion is DENIED.

Finally, the Court addresses the letters Plaintiff has been submitting to the Court. In one mailed on August 24, 2011, Plaintiff attempts to characterize his second claim as a class action. In a subsequent undated letter, Plaintiff seeks to bolster the arguments set forth in his objection to the Report and Recommendation. Plaintiff is hereby informed that letters are not an appropriate vehicle for placing issues before the Court. The Court will not consider the issues raised by Plaintiff's letters, which can either be addressed by amending his pleadings or should be addressed in separate motions. To the extent Plaintiff seeks the appointment of counsel, he may include such a request in a properly filed motion, rather than in a letter. Although Plaintiff is proceeding pro se, he is nevertheless required to comply with the Court's rules, and from this point forward, his filings with the Court should be accomplished by pleading or motion, not by letter.

For the reasons set forth herein, the Report and Recommendation is hereby adopted. Plaintiff's request for emergency injunctive relief is denied.

IT IS SO ORDERED this 15th day of September 2011.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE